STEPHEN O. RANDALL vs. SAMUEL W. PECKHAM, Administrator, & others.

The statute of limitations respecting suits against executors and administrators, Gen. Stat. chap. 194, § 9, does not apply to a bill in equity against an administrator seeking to obtain the surrender of certain promissory notes given to his intestate and secured by mortgage, and the cancellation of said mortgage, and to enjoin the administrator from selling the mortgaged premises on the ground that said notes were released and discharged by his intestate prior to his decease.
*Burditt* v. *Grew*, 8 Pick. 108, stated and distinguished.

BILL IN EQUITY to enjoin the respondent Samuel W. Peckham, as administrator of the estate of Henry C. Pabodie, deceased, and Olive G. Pettis, from selling the complainant's real estate in Providence under a mortgage made by him, and to obtain a decree for the cancellation of the mortgage on the ground that said Pabodie before his decease surrendered the claim and ordered the notes to be returned and the mortgage cancelled. The case was now heard upon the complainant's petition for a preliminary injunction. The facts of the case, besides those above stated, appear in the opinion of the court.

*Bradley & Metcalf*, for the complainant, contended: I. That the plea of the administrator was no bar to this suit, citing *Johnson* v. *Ames*, 11 Pick. 180; *Trecothick* v. *Austin*, 4 Mason, 29; *Bradley* v. *Harris*, 3 Vt. 369; *Austin* v. *Jackson*, 10 Vt. 267; *Bank of U. S.* v. *Beverly*, 1 How. (U. S.) 134, 151; Angell on Limit. § 170. II. That upon the bill and affidavits a very strong case was made in support of the claim set forth in the bill, and that in the face of Pabodie's written declaration of trust the administrator ought not to be allowed to sell until a hearing had been had.

*T. C. Greene*, for Mrs. Pettis, one of the respondents, contended that there had been no delivery of the notes, so as to make a gift causa mortis, and no valid declaration of trust, citing Perry on Trusts, p. 64.

*Peckham*, respondent, *pro se ipso*, upon plea of statute of limitations. 1. The statute is positive, and without exceptions such as are provided in case of the general statute of limitations. Gen. Stat. ch. 178, § 8; ch. 173, § 35; *Atwood* v. *R. I. Agricultu-*

*ral Bank*, 2 R. I. 196; *New England Commercial Bank* v. *Newport Steam Factory*, 6 R. I. 154.

2. It applies to actions in equity as well as at law.   *Pratt* v. *Northam*, 5 Mason, 95.   *Burditt* v. *Grew*, 8 Pick. 108, and cases cited below.

3. It applies to just such a case as this when a bill is filed to enjoin a suit at law.   *Burditt* v. *Grew*, 8 Pick. 108.

4. It applies whether the party against whom it is pleaded knows the law or not, and ignorance of the law has been decided to be " culpable neglect " under a Massachusetts statute giving relief in equity from the operation of a similar statute in certain cases.   *Young* v. *Wilcox*, 9 Allen, 245; *Wells* v. *Child*, 12 Allen, 333.

5. It applies where the cause or occasion of bringing the action occurred after the expiration of the period of limitation.   *Atwood* v. *R. I. Agric. Bank* 2 R. I. 191; *Bemis* v. *Bemis, Adm'x*, 13 Gray, 559; *Holden* v. *Fletcher*, 6 Cush. 235.

6. The point has been decided by this court in two cases where the question arose directly under the same statute.   Cases above cited, 2 R. I. 191; 6 R. I. 154.

7. The statute is intended to facilitate the speedy settling of estates, and cannot be waived by the administrator expressly or impliedly, and there is no remedy against its operation unless it is provided by the statutes themselves.   *Jenney et al.* v. *Wilcox et al.* 9 Allen, 245; *Atwood* v. *R. I. Agric. Bank*, 2 R. I. 197; *Emerson* v. *Thompson et al.* 16 Mass. 429.

BRAYTON, C. J.   The plaintiff Randall brings this bill against Samuel W. Peckham, one of the defendants, who is administrator on the estate of one Henry C. Pabodie, who died intestate in 1869.

The bill alleges that the plaintiff made and executed to the said Pabodie in his lifetime a mortgage of certain real estate, to secure the payment of a certain promissory note given by him to the said Pabodie; that he had been for nearly twenty years prior to his death in said Pabodie's employment at a very small pecuniary compensation, and was often called upon to take charge of him in sickness, and to render him services in confidential relations, which service he always rendered when requested, and often for long periods of time; that said Pabodie, in consideration of

said services, and in contemplation of his immediate decease, did in his last sickness, October 26, 1868, a few days before his death, give him a paper writing by which, and also orally, he did release and discharge the notes held by him against the plaintiff and secured by the mortgage, and agreed that the mortgage as well as said notes should be discharged and cancelled without expense to or payment by the plaintiff upon and after said Pabodie's decease, upon condition that Olive G. Pettis, another defendant, should receive a part of his estate after his death, which he states she did receive; that said writing was executed and delivered to the plaintiff in the place of a legacy in his will, as said Pabodie and as said Olive G. Pettis stated to him, and that then and thereby said Pabodie then and there in his last sickness and in contemplation of death did give and surrender said debt to the plaintiff, to take complete effect upon his decease. And that said Pabodie requested the plaintiff to take said notes into his (plaintiff's) possession, which he declined to do, because the mortgage was not also discharged on the record, and said Pabodie was too unwell to discharge it; and the said Olive G. Pettis also agreed that such cancellation of said notes and discharge of said mortgage would be made in case and in consideration that she should receive a part of said Pabodie's estate. That said Peckham was appointed administrator on said Pabodie's estate, and as such administrator has insisted upon payment of the interest due upon said notes, and has advertised the estate for sale under said mortgage, as will appear by the copy of the advertisement produced. The bill prays that said Peckham may be decreed to surrender said notes and to cancel said mortgage and discharge the plaintiff, and that he be enjoined from selling the premises under said mortgage, and for such other and further relief as the nature of the case may require. The defendant Peckham has pleaded to this bill, so far as it prays relief against him, the statute of limitations, and says that since his appointment as administrator and since he gave notice of his appointment, namely, May 20, 1869, more than three years have elapsed before the filing of this bill.

The defendant Peckham, who is the administrator of the mortgagee, is attempting to enforce payment of the mortgage debt by the sale of the estate mortgaged, in pursuance of a power contained in the deed of mortgage. The plaintiff, the

debtor and mortgagor, says, in substance, that the debt has been discharged by the act of the intestate, the mortgagee, in his lifetime, and that since his death it has not been a subsisting debt, and therefore prays that said Peckham may be prevented from selling said estate and thus enforcing payment, and that he may be protected against being compelled thus to pay a debt already discharged. Is the statute pleaded a sufficient bar to the plaintiff in this bill?

The statute provides that no action shall be brought against an administrator, in his said capacity, within one year, nor after three years from the grant of administration. The statute in Massachusetts is substantially like it, except that the time limited is four years and not three, as in our act. It provides that an administrator shall not be compelled to answer to any suit after the expiration of four years from the time of his appointment; substantially that no suit shall be brought after the time limited.

The Massachusetts statute has been held to apply to suits by creditors, and that those suits only are barred, — suits to recover against the estate of the intestate, — and therefore it does not affect a suit against an administrator for specific personal property distinguishable from the mass of the property of the intestate.

Since the plaintiff in such suit is no creditor, and the property is held by the administrator as the intestate held it, as unlawfully as he held it, it is not so much a suit against the administrator, in his said capacity, as a suit against him as a wrong-doer, though he may claim to hold as administrator.

Had Peckham commenced his suit at law in his capacity of administrator upon the notes secured by the mortgage, the now plaintiff might have answered and defended against it, and have objected to a recovery on the same ground as he now objects to the sale of the premises, to reach the same result. Had he filed a bill to foreclose the mortgage, the mortgagee might in that suit, in taking the account, have objected to the notes that they had been released and discharged. But he has commenced no suit, either at law or in equity, as such administrator, until three years have expired since he became such, in which the mortgagee could contest the mortgage debt, and instead of this has chosen to proceed in another capacity to enforce payment by a sale of the estate without suit.

The defendant, being administrator, is here standing in the shoes of his intestate, the original mortgagee, and as such is clothed with a power to sell, in the name of the mortgagor, the equity of redemption, and is to be treated as a trustee for sale. As such, he is bound to consider, not only his obligations to the purchaser and to the estate, but also his liability to the *cestui que trust*, the mortgagor. *Allen* v. *Robbins*, 7 R. I. 41.

The power was, to sell for the payment of the debt, and so much of the estate as might be necessary to pay it. The power depended upon the existence of the debt. If that ceased to exist, the power ceased also, and it would be a breach of that trust with which he was clothed, to sell when the debt had been released and discharged. Its existence is the very condition of the exercise of the power.

It is said that lapse of time is no bar where there is an unexecuted trust. To such the statute does not apply. And, again, where the jurisdiction in equity is exclusive, the bar at law is not binding there unless expressly so declared.

Here is an alleged breach of trust, for which there is no remedy in any other jurisdiction. This is not a proceeding in a court of law, nor is it a suit in equity, and yet here is a wrong threatened to be done which cannot be stayed by a court of law, and can only be stayed by a court of equity. This bill is not, so far as the injunction is prayed, a suit against the administrator as such, strictly against him in his capacity of administrator, but against him as a trustee. By virtue of the deed of mortgage, the trust has fallen upon him, but it might equally well have fallen upon any other person acting in any other capacity. He is vested with the power and trust, not by virtue of the grant of administration, but by the terms of the deed of mortgage, as the intestate was before him.

The right to be enforced by this bill did not exist at the time administration was granted, nor until the wrong was threatened to be done by the defendant, when he advertised the estate for sale, and this wrong was, by the act of the defendant, the wrong of the defendant, rather than of the estate, and one for which he alone was answerable.

We see no reason why he should be protected by the statute more than any other person upon whom the power and trust

might have fallen, nor do we see any reason to presume that the legislature intended any such application of the act, and we must overrule the plea.

The case of *Burditt* v. *Grew*, 8 Pick. 108, cited in support of this plea, is not like the case before us. There the plaintiff sought by his bill to establish a claim upon a partnership account against the intestate, greater than the amount of the note upon which the administrator had sued at law, against which the statute of limitations had run at the time of filing the bill. The plaintiff was suing for a counter-claim to set off against an admitted debt. He was suing the administrator in his capacity of administrator, suing to recover of the estate, and to set it off when recovered, against the debt claimed by the administrator.

*Decree for preliminary injunction.*